# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRELL WEAVER, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-16-1051-R |
| CARL BEAR, Warden, | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Charles Goodwin, Doc. 8, entered November 30, 2016, and Petitioner's Objection to Report and Recommendation, Doc. 11, filed January 19, 2017. The Magistrate Judge recommended that the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed as untimely.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed de novo those portions of the Report and Recommendation to which Petitioner has objected. Because the Court concurs with the Magistrate Judge that the Petition is untimely, the Petition is DENIED.

Petitioner Darrell Weaver was convicted on two counts of first-degree rape in the District Court of Custer County, Oklahoma, on March 23, 2003, and sentenced to two consecutive fifty-year terms of imprisonment. Petitioner appealed his conviction and sentence, which was then affirmed by the Oklahoma Court of Criminal Appeals ("OCCA")

on March 29, 2004. Mr. Weaver did not seek a writ of certiorari from the United States Supreme Court.

Mr. Weaver moved this Court for habeas relief under 28 U.S.C. § 2254 on September 7, 2016. Proceeding pro se, Mr. Weaver offered five grounds for habeas relief: (1) ineffective assistance of appellate counsel, (2) ineffective assistance of trial counsel, (3) abuse of discretion by the trial court by excluding certain defense witnesses, (4) insufficient evidence to support a conviction, and (5) newly discovered evidence proving his innocence.

After acknowledging that a district court may dismiss a habeas petition when its untimeliness is clear from the face of the petition, *see Kilgore v. Attorney Gen. of Colorado*, 519 F.3d 1084, 1085 (10th Cir. 2008) (citing Rule 4 of the Rules Governing § 2254 Cases), the Magistrate Judge recommended dismissal and found that neither statutory nor equitable tolling allowed Mr. Weaver to overcome this untimeliness.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year limitations period for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides four separate potential dates from which to begin counting. While two are arguably implicated here, neither entitle Mr. Weaver to relief.

The first is found in § 2244(d)(1)(D)—"the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The problem, as the Magistrate Judge pointed out, is that Mr. Weaver does not allege that he has evidence which was discovered within a year prior of filing for habeas relief. He simply alleges that he "has newly discovered evidence of victim's recantation

that [P]etitioner is in fact actually/factually innocent of any crime charged against [P]etitioner . . . ." Doc. 1, at 6. Because Mr. Weaver failed to plead any additional facts that would allow the Magistrate Judge to construe Mr. Weaver's Petition under § 2244(d)(1)(D), the Magistrate Judge was required to consider it under § 2244(d)(1)(A). That provision grants a state prisoner one year to move for habeas relief starting on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Magistrate determined that Mr. Weaver's judgment became final on June 28, 2004, when the ninety-day period for filing a certiorari petitioner with the United States Supreme Court expired. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Mr. Weaver's one-year limitations period began to run the next day, on June 29, 2004, so he had up to and including June 29, 2005 to move for relief under 28 U.S.C. § 2254. Mr. Weaver's Petition filed on September 7, 2016, was therefore more than eleven years untimely.

The Magistrate Judge correctly noted that Mr. Weaver would be entitled to relief if his limitations period had been either statutorily or equitably tolled. While Mr. Weaver does not take issue with the Magistrate's determinations that his limitations period began running on June 29, 2004, and that this period was never statutorily tolled, Mr. Weaver does maintain his actual innocence. Recognizing that Mr. Weaver proceeds pro se, the Court construes his objection as an argument that he is entitled to equitable tolling on the basis of his actual innocence.

"[T]o receive equitable tolling, a petitioner must generally show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way' that prevented timely filing." *Craig v. McCollum*, 590 Fed.Appx. 723, 725 (10th Cir. 2014) (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). This remedy is rare, and a petitioner must therefore show specific facts to support his claim of extraordinary circumstances and due diligence. *Id*.

Though Mr. Weaver does not address how he has been diligent in bringing new evidence of his innocence to the Court's attention, "a prisoner seeking equitable tolling on actual innocence grounds need not demonstrate a diligent pursuit." *Id*. (citing *Lopez v. Trani*, 628 F.3d 1228, 1230 – 1231 (10th Cir. 2010). That said, equitable tolling still requires extraordinary circumstances. *Id*. Those circumstances are specific: a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). Further, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id*. And the petitioner must make an argument that he is *factually innocent*, not just legally innocent. *Id*.

Mr. Weaver believes he has made this showing, but the Court is not persuaded. His sole piece of evidence supporting any argument of factual innocence is a letter from a friend (whom Mr. Weaver fails to identify) that alleges that Mr. Weaver's rape victim (his stepdaughter) tried to tell authorities that Mr. Weaver was innocent. Doc. 11, Ex. 3, at 7. It is unclear when Mr. Weaver's stepdaughter allegedly attempted to report his innocence. The letter muses that police might not have accepted her story since "too much time had

passed [and] she should have told them the truth to begin with." *Id*. Equally unclear is when Mr. Weaver received this letter. This would seem to be the precise type of "unexplained delay in presenting new evidence" that militates against finding that Mr. Weaver has shown his actual innocence. *McQuiggin,* 133 S.Ct. at 1935.

In short, the Court agrees with the Magistrate Judge that Mr. Weaver has failed to show he is entitled to equitable tolling based on actual innocence. "A court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence." *McQuiggin*, 133 S. Ct. at 1935 (alterations omitted). Mr. Weaver's evidence is not "sufficient to show that it is more likely than not that no reasonable juror would have convicted [him] in the light of the new evidence." *Frost v. Pryor*, 749 F.3d 1212, 1231–32 (10th Cir. 2014) (citation omitted).

Mr. Weaver's Petition is therefore denied as untimely. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court denies Petitioner a Certificate of Appealability. Where a habeas petition is denied on procedural grounds, a petitioner is entitled to a COA only if he demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 US. 473, 484 (2000). Mr. Weaver has not made this showing.

In conclusion, the Court ADOPTS the Report and Recommendation of the Magistrate Judge. Doc. 8. Mr. Weaver's Petition for a writ of habeas corpus under 28 U.S.C. § 2254, Doc. 1, is DENIED.

IT IS SO ORDERED this 28th day of June 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE